UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JEFFREY RIVARD,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )   No. 2:25-cv-00329-SDN |
| | ) |
| **JULIE HOWARD and** | ) |
| **YORK COUNTY,** | ) |
| | ) |
| **Defendants** | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted Jeffrey Rivard's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), his complaint (ECF No. 1) is now before me for preliminary review. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that, when a party proceeds *in forma pauperis*, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

Rivard brings a claim against Julie Howard, as "Manager of Operations of York County Court," and York County alleging they violated his due process rights as follows:

> Since 2016 I have repeated requests for a Judgment and Commitment form from the Court of York and the Judicial Branch Service Center for BIDDCCR-01-2715.  YRKCD-CR-25-1340 returned it was available after years of being unavailable or unlocated.  On or about that time I wrote a letter to the Court and received a docket sheet, and made another request to the Service Center. On June 13, 2025 a clearly forged by false completion arrived by mail.

1

Complaint at 5.[1]  He seeks compensatory and punitive damages.  *Id.* at 6.

Even with a liberal reading, Rivard's complaint does not pass muster for several reasons.  First, it does not provide enough detail to state a claim.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.) (noting that even pro se complaints must contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).  Second, York County cannot be held liable for the actions of a state court employee because Maine's trial courts—even though they have multiple locations—are statewide courts not municipal entities.  *See generally* 4 M.R.S.A. §§ 101-184 (Westlaw June 27, 2025).[2]  Finally, Howard, as a court employee performing court-related tasks, is immune from Rivard's claims for damages.  *See Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012) ("The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function.").

For these reasons, I recommend that Rivard's complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Rivard also invokes federal criminal laws, *see* Complaint at 4, but he lacks authority to enforce such laws, *see Heinemann v. Soc. Sec. Admin.*, No. 1:16-cv-00460-DBH, 2016 WL 5957269, at *4 (D. Me. Oct. 14, 2016) (rec. dec.) ("Simply stated, Plaintiff does not have standing to prosecute criminal charges against others, and the courts do not decide whether a person should be charged under . . . criminal statutes."), *aff'd*, 2016 WL 6495444 (D. Me. Nov. 1, 2016).

[2] Even if Rivard had named the state courts as defendants, they would be immune.  *See Harmon v. Bullock*, 21 F. App'x 9, 10 (1st Cir. 2001) (holding that a state trial court "is a state entity . . . immune from § 1983 liability").

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: June 27, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge